Pee Cueiam.
 

 Nelson obtained judgment against Holland. Execution issued, and in September, 1810, it was returned thus: “ Sold on 12 months’ credit, and the execution entitled to credit for $224. There was a receipt for $222 given by the plaintiff to Holland, but the date was after this return.” That is to say, the return is dated on the 27th of September, 1810 ; the date of the receipt is on the 8th of October, 1810. These are, therefore, different sums. And then the sheriff, having levied and sold, and being liable, continues so until he shows a payment to the proper hand. This return does not say that the defendant is entitled to credit,
 
 because paid
 
 to the plaintiff. Therefore he is to be looked to for it. And having not paid it, the judgment is proper, and ought to be affirmed. * But suppose it to be the same sum intended in the return. Then if it were, at common law the sheriff should return the moneys into court. If he does not, he is liable to those entitled to receive them. How is he discharged under the act commonly called the stop-law act ? If he sell on credit, and take bond with sufficient surety, for whose solvency he is responsible, and who are to be proceeded against on motion ; until these requisites be complied with, he is to be looked to for the money, and may be proceeded against for it. Has he in this instance complied with these requisites ? Has he taken bond payable to the plaintiff, with sufficient security, and has he returned them into court ? If not, how are the officers to get their costs ? Are they to look to the sheriff? No, to the office. There they find no money, nor any bond upon which they can proceed by motion; what then ? They cannot issue a new execution, nor have judgment by motion against the sureties. They have no possible means of getting them. What if they apply to the
 
 plaintiff;
 
 he is in China, perhaps. His bond for prosecution is not forfeited. If sued for the costs, he has not received any more' than his principal, leaving the costs in the hands of the sheriff. There is no one left upon earth but the sheriff. As for want of notice, appearance cures that; and here the sheriff appeared by his counsel, and contested. The act of 1777 extends
 
 *398
 
 to all cases where money is in the hands of the sheriff, and not paid to those entitled to receive it.
 
 Affirm the judgment.
 

 See
 
 Vance
 
 v.
 
 Cheatham, 5 Hay.
 
 39;
 
 Cocke
 
 v.
 
 Cummins,
 
 4 Hay. 191;
 
 Atkinson
 
 v.
 
 Cooper,
 
 2 Hum. 361 ; King’s Digest, 10,922
 
 et seq.